

**ORDERED in the Southern District of Florida on December 3, 2015.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                            Case No. 14-25315-EPK

ANAMARIA PRADA and                              Chapter 13
JORGE ENRIQUE MEJIA,

    Debtors.
_____/

### ORDER GRANTING IN PART
### DEBTORS' MOTION TO COMPEL CITIMORTGAGE, INC.

This case is about a national lender that offered to modify a home mortgage on terms acceptable to its individual borrowers, which loan modification the lender knew was approved by the Court and then incorporated into a modified chapter 13 plan approved without objection by final order of this Court, which loan modification the lender was previously directed to comply with in another final order of this Court also entered without objection, and which modification the lender nonetheless regretted and tried to repudiate. It appears that someone made a mistake. That someone was not either of the borrowers. That the lender wishes it had not made the offer to begin with does not mean that the lender may now ignore two final orders of this Court.

On November 9, 2015, the Court held a hearing on the *Debtors' Motion to Compel Lender to Comply with Orders (1) Granting Renewed Motion to Approve Loss Mitigation/Mortgage Modification Agreement with Lender (ECF 62) and (2) Sustaining Objection to Notice of Mortgage Payment Change* [ECF No. 80] (the "Motion") filed by Anamaria Prada and Jorge Enrique Mejia (the "Debtors"). In the Motion, the Debtors seek to enforce against CitiMortgage, Inc. ("Citi"), the holder of a mortgage on the Debtors' homestead, the terms of a mortgage modification agreement that was approved by order of this Court and that was incorporated into a modified chapter 13 plan also approved by order of this Court. While the mortgage modification agreement itself was not an enforceable contract, the Debtors' chapter 13 plan was modified to incorporate the terms of the mortgage modification. Citi had appropriate notice of the proposed plan modification and the hearing thereon, and Citi failed to object to the proposed modification. The Debtors' plan as modified was confirmed by order of this Court. Thereafter, Citi attempted to negate its deal with the Debtors by filing a notice of mortgage payment change inconsistent with the agreed modification. The Debtors sought and obtained an order of this Court striking that notice of payment change and specifically ordering Citi to comply with the terms of the loan modification previously approved by the Court. Because the order confirming the Debtors' modified plan and the order directing Citi to comply with the terms of the loan modification are both final and no longer subject to appeal, Citi is bound by those orders in spite of the fact that the mortgage modification agreement would not otherwise have been binding on Citi. The Debtors and Citi shall comply with this Court's order approving the Debtors' modified plan and order directing Citi to comply with the terms of the loan modification. Citi must accept payments from the Debtors the same as if the mortgage modification agreement was independently enforceable.

The Debtors filed a voluntary chapter 13 petition on July 3, 2014.

On November 19, 2014, the Debtors and Citi attended a mediation conference under this Court's Loss Mitigation Mediation program, as then in effect. At that time, the parties agreed to the terms of a loan modification, including a principal balance of $750,000, a fixed interest rate of 2.625% per annum, and a monthly payment of $3,829.03. The terms of this provisional agreement were proposed by Citi and accepted by the Debtors. The Debtors immediately began to make payments on the modified loan on a trial basis.

In March 2015, as the trial period came to an end, Citi sent the Debtors a formal agreement intended to finalize the loan modification. The proposed loan modification agreement contained terms identical to those agreed to at the mediation conference. The Debtors filed the proposed loan modification agreement with the Court and asked the Court to enter an order authorizing the loan modification. ECF No. 61. No party objected, and on April 15, 2015 the Court entered an order authorizing the parties to effectuate the proposed loan modification. ECF No. 62.

The loan modification agreement filed by the Debtors was not an enforceable contract at the time it was filed with this Court. The agreement specifically provides that "the Loan Documents will not be modified unless and until . . . the Lender accepts this Modification Agreement by signing and returning a copy of it to [the Debtors]." ECF No. 61, Exh A. The proposed modification agreement was not signed by Citi at the time it was filed with this Court, and it does not appear that it was ever signed by Citi. In approving the modification agreement, the Court did not direct Citi to sign the agreement or then find that the agreement was binding on Citi. The Court's order at ECF No. 62 (a standard form of this Court) merely approved the form of the agreement and authorized the parties to take any and all necessary actions to effectuate the terms of the agreement.

Immediately after the Court approved the proposed loan modification agreement, and as required by the Court's order at ECF No. 62, the Debtors acted to modify their

chapter 13 plan consistent with the terms of the loan modification agreement provided to them by Citi. On April 20, 2015, the Debtors filed a motion to that effect and attached a proposed modified plan. ECF No. 63. On May 8, 2015, the Debtors filed a slightly revised version of their proposed modified plan. ECF No. 68. The Debtors' motion to modify their plan, the proposed modified plan, and the notice of hearing thereon, were all duly served on Citi. On May 11, the Court heard the motion to modify the plan. Citi did not object to confirmation of the plan as modified. The Court granted the Debtors' motion and confirmed the plan as modified. ECF No. 69.

The text of the Debtors' plan as modified still contains all of the Court's standard Loss Mitigation Mediation language in the section titled "Other Provisions Not Included Above", describing the fact that the Debtors had sought to mediate with Citi and that after mediation, if agreement was reached and approved by the Court, the Debtors would file a motion to modify their plan. ECF No. 68. Obviously, when the Debtors' modified plan was filed, the Debtors had in fact mediated with Citi, had reached an agreement on the terms of a loan modification, had obtained an order approving the modification, and had sought confirmation of a modified plan consistent with that agreement (which modified plan was the very one still containing the mediation language). Because the payment terms contained in the Debtors' modified plan as confirmed are consistent with the payments required under the previously approved loan modification, the Loss Mitigation Mediation language contained in the Debtors' confirmed modified plan is mere surplusage and of no effect.

Shortly after confirmation of the modified chapter 13 plan, Citi filed a notice of mortgage payment change with the Court. In that document, Citi stated that the Debtors' monthly mortgage payments would increase as of August 1, 2015. The payments proposed by Citi were substantially higher than those agreed to at mediation, incorporated into the

loan modification agreement prepared by Citi itself and approved by this Court, and incorporated into the modified plan confirmed by this Court.

On June 10, 2015, the Debtors filed their Debtors' Objection to Notice of Mortgage Payment Change. ECF No. 72 (the "Objection"). In the Objection, the Debtors sought an order of the Court striking the notice of mortgage payment change. Importantly, the Debtors specifically asked the Court to direct Citi to comply with the terms of the final loan modification documents previously approved by the Court. The Objection and notice of hearing thereon were duly served on Citi. Citi did not file a response or attend the hearing. On July 17, 2015, the Court entered an order sustaining the Debtors' objection to the notice of mortgage payment change and striking that notice. ECF No. 78. In addition, the Court ordered that Citi "shall comply with the terms of this Court's Orders entered on April 15, 2015 (ECF No. 62) and May 15, 2015 (ECF No. 69) by conforming its accounting to the terms of the Loan Modification Agreement" as previously approved by the Court. The Court's order was duly served on Citi more than three months before the filing of the present Motion. No appeal was taken or stay requested.

In spite of taking no action to challenge confirmation of the Debtors' modified plan or to object to the Debtors' objection to the notice of mortgage payment change, Citi continued to attempt to repudiate the loan modification Citi itself had originally offered to the Debtors. In the present Motion, the Debtors request three forms of relief: first, that the Court strike the notice of mortgage payment change; second, that the Court compel Citi to comply with the terms of the loan modification documents approved by the Court at ECF No. 62; third, that the Court grant other appropriate relief.

In response to the Motion, Citi argued that the proposed final loan modification agreement Citi sent to the Debtors in March 2015 -- containing terms initially proposed by Citi and agreed to by the Debtors at mediation, under which Citi accepted multiple

payments, and which was in the form approved by this Court after notice to Citi -- was an "error." Further, Citi argued that allowing the Debtors to make payments pursuant to its modified chapter 13 plan -- again containing terms initially proposed by Citi and agreed to by the Debtors at mediation, under which Citi accepted multiple payments, and which was consistent with the modification agreement approved by this Court after notice to Citi -- would cause "unjust enrichment" of the Debtors.

To be sure, the terms of the loan modification approved by this Court are different from those that Citi later sought from the Debtors. For example, the monthly payment later proposed by Citi is based on a variable interest rate, rather than the fixed rate originally offered, and would be more than $1,200 higher than the monthly payment negotiated at mediation. But even if Citi is required to live up to its original loan modification proposal, which it will indeed be required to do, Citi will be entitled to full recovery of the agreed principal amount of its loan. The primary differences between what Citi agreed to and was previously ordered to comply with, and what Citi wants now, are that the agreed interest rate is fixed and apparently lower than the variable rate Citi would like, and there will be a delay in payment of principal as a portion of the principal balance will be due at maturity (the loan will not fully amortize). That Citi made a loan modification proposal that it now regrets is not cause to set aside two orders of this Court, entered after ample notice to Citi and which Citi did not timely challenge.

Absent the order confirming the Debtors' modified plan and the order striking Citi's notice of mortgage payment change, the loan modification agreement itself would not be enforceable against Citi. By its own terms, the agreement is a conditional offer. In order for the loan modification agreement to result in a binding amendment to the original loan documents, the agreement must be signed by Citi. It does not appear that Citi ever signed the agreement. But this is a red herring. That the loan modification agreement itself

would not be binding on Citi does not negate the fact that this Court has twice ordered that Citi comply with the terms of that agreement. Due process was served via multiple notices to Citi, both of the relief requested by the Debtors and of the subsequent orders entered by this Court. Citi did not seek to set aside or appeal those orders. Citi is now bound by the terms of the loan modification Citi itself offered to the Debtors. *See Travelers Indemnity Co., et al. v. Bailey*, 129 S.Ct. 2195, 2205-06 (2009) (subject to requirements of due process, final orders of the bankruptcy court are *res judicata* even if the court lacked subject matter jurisdiction).

This Court has already stricken Citi's notice of mortgage payment change. ECF No. 78. There is no need to do so again. This request for relief in the Motion is denied as moot. In that same order, the Court also ordered Citi to comply with the terms of the final loan modification agreement previously approved by this Court. Citi has failed to comply with the Court's order. The Court will direct Citi to comply with the Court's prior, final order requiring it to abide by the terms of the loan modification agreement. If Citi fails to so comply, the Court will entertain appropriate motions for contempt and sanctions.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. The Motion [ECF No. 80] is GRANTED IN PART to the extent provided herein.

2. CitiMortgage, Inc. shall comply with this Court's *Order Sustaining Debtors' Objection to Notice of Mortgage Payment Change*, entered at ECF No. 78, by complying in full with the terms of the loan modification approved by this Court in an order entered at ECF No. 62.

3. All other relief requested in the Motion is DENIED.

###

Copies furnished to:

Jordan Rappaport, Esq.

*Jordan Rappaport, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*